UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| AMANDA JO GOODE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cv-704 / 3:03-cr-006 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Amanda Jo Goode ("Goode"). There is also pending before the court a motion filed by Goode seeking a transcript of her sentencing hearing. Goode does not state why she desires a transcript of her sentencing hearing and such a transcript is not necessary to resolve this matter. Accordingly, the motion for transcript will be **DENIED**. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I.  Standard of Review

This court must vacate and set aside Goode's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Goode "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Goode is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Goode pleaded guilty to one count of conspiracy to possess with intent to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); two counts of distributing cocaine base were dismissed pursuant to the plea

agreement. Goode was sentenced to a term of imprisonment of 108 months. The sentence was below the statutory mandatory minimum of ten years as a result of the government's motion for downward departure for substantial assistance. In support of her § 2255 motion, Goode alleges several instances of ineffective assistance of counsel.

III.  Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that her attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Goode must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Goode alleges the following instances of ineffective assistance of counsel: (1) counsel misinformed Goode that she was going to receive five years; (2) counsel refused to argue for a downward departure based upon minor role, diminished capacity, and substantial assistance; (3) counsel ignored Goode's request to see the evidence against her in order to prepare a defense; and (4) counsel refused to file a direct appeal when asked to do so.

Count One of the indictment in this case charged that Goode was involved in a conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). [Criminal Action No. 3:03-cr-006, Court File No. 1, Indictment, pp. 1-2]. Section 841(b)(1)(A) sets forth a minimum mandatory term of imprisonment of ten years for an offense involving 50 grams or more of cocaine base.

In her plea agreement, Goode agreed to plead guilty to conspiracy to possess with the intent to distribute 50 grams or more of cocaine base. [Criminal Action No. 3:03-cr-006, Court File No. 23, Plea Agreement, p. 1, ¶ 1]. Goode acknowledged that her attorney had fully explained the charges against her, the potential penalties, and any available defenses to the charges. [*Id*. at 4, ¶ 10]. Goode specifically acknowledged that she was facing a minimum mandatory term of imprisonment of ten years to life. [*Id*. at 1-2, ¶ 1]. Goode also acknowledged her understanding that any motion for a downward departure below the

4

minimum mandatory term of imprisonment was within the exclusive authority of the United States. [*Id*. at 3-4, ¶ 8]. Finally, Goode acknowledged that the plea agreement constituted "the full and complete agreement and understanding between the parties" and that there were "no other agreements, promises, undertakings, or understandings between [petitioner] and the United States." [*Id*. at 6-7, ¶ 16].

In support of her plea agreement, Goode agreed to the following factual basis:

> From on or about January 17, 2003 until on or about January 21, 2003, the Defendant, Amanda Jo Goode, conspired and agreed with Nathaniel Taylor and other persons to sell and distribute cocaine base, also know as "crack" or "crack cocaine" to a confidential informant.
>
> On January 17, 2003, at the Scottish Inn on Callahan Road in Knox County, Tennessee, in a recorded transaction, Defendant Amanda Jo Goode, and Nathaniel Taylor, knowingly and intentionally sold 28.3 grams of cocaine base, a Schedule II controlled substance, to a confidential informant for $1250. Nathaniel Taylor received $1100 and Amanda Jo Goode received $150 of the proceeds from the sale of the crack cocaine.
>
> On each of the transactions described above, the confidential informant asked Amanda Jo Goode to procure the crack cocaine and she, in turn, asked Nathaniel Taylor to procure the crack cocaine for ultimate delivery and sale to the confidential informant.
>
> The substance sold to the confidential informant in each of the transactions described above was cocaine base, a Schedule II Controlled Substance. The combined weight of the crack cocaine sold on January 17 and January 21, 2003 was 55.3 grams.

[Criminal Action No. 3:03-cr-006, Court File No. 24, Stipulation of Facts, pp. 1-2, ¶¶ 1-5].

It is clear that, when Goode pleaded guilty, she knew she was facing a minimum mandatory prison term of ten years, not five years. In her reply to the government's response to the § 2255 motion, Goode claims her attorney advised her that if she cooperated, FBI

Agent Todd Gilreath would speak with the government and reduce her sentence to five or six years. Goode was clearly aware, however, as evidenced by her plea agreement, that any motion for downward departure was within the sole discretion of the prosecutor. Goode cannot now claim that she was misinformed by counsel as to the sentence she would receive.

Goode alleges her attorney refused to argue for a downward departure based upon her minor role in the offense. This allegation, however, is contradicted in the record. In the Sentencing Memorandum filed by Goode's attorney after the government's motion for a downward departure was filed, counsel specifically stressed Goode's role as a minor player in this offense. [Criminal Action No. 3:03-cr-006, Court File No. 36, Sentencing Memorandum, p. 4]. In addition, it is clear from Goode's Stipulation of Facts that she played more than a minor role in the offense.

Goode also alleges her attorney refused to argue for a downward departure based upon her diminished capacity. There is nothing in the record, however, to suggest Goode suffered from a diminished capacity. In fact, the evidence is to the contrary. Dr. Michael W. Sanders, a clinical psychologist who evaluated Goode at the request of her attorney prior to sentencing, opined that Goode "appears to be functioning in the average range of intelligence." [*Id*., Report of Michael W. Sanders, Ph.D., attached as exhibit to Sentencing Memorandum, p. 1].

Goode further alleges her attorney refused to argue for a downward departure, under U.S.S.G. § 5K1.1, based upon Goode's substantial assistance. Again, this allegation is contradicted in the record. Goode's attorney asked the court "to impose a sentence less than

6

the minimum mandatory or the guidelines due to her substantial cooperation, pursuant to U.S.S.G. § 5K1.1." [*Id.*, Sentencing Memorandum at 1]. As noted, the government moved for a downward departure as well, pursuant to 18 U.S.C. § 3553(e). The court granted the requests for a downward departure and sentenced Goode to 108 months, one year below the minimum mandatory term of ten years.

Goode claims that her attorney ignored her request to see the evidence against her in order to prepare a defense. In her original § 2255 motion, Goode did not state what defense would have been available to her. In her reply to the to the government's response, Goode states her attorney should have pursued a defense based upon her minor role, diminished capacity, and substantial assistance. These arguments, however, go to Goode's sentencing. As previously noted, there is nothing in the record to suggest Goode suffered from diminished capacity. Goode's substantial assistance and her alleged minor role were raised at sentencing and considered by the court. Accordingly, Goode cannot now argue that counsel failed to prepare a defense.

Finally, Goode alleges that her attorney failed to file a direct appeal of her sentence when asked to do so. Goode does not, however, state what the basis for an appeal would have been; she merely makes the bare allegation, without more, that she requested one. The court, on motion of the government, granted Goode a downward departure from the minimum mandatory sentence that she was facing. The extent of a downward departure is within the sole discretion of the district court and thus cannot be a basis for appeal. *See, e.g., United States v. Fonseca*, 193 Fed.Appx. 483, 496 (6 Cir. 2006) ("The district court has

unfettered discretion to determine the extent of a downward departure based upon substantial assistance."); *United States v. Jones*, 417 F.3d 547, 550 (6th Cir.2005) ("[A] district court has complete discretion regarding whether to grant a downward departure for substantial assistance and how much of a departure to grant.").

In addition, this court routinely advises defendants of their right to appeal and that, upon request, the Clerk of Court will prepare and file the notice of appeal; the court so advised Goode in this case as well. *See, e.g., Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) ("[A] district judge simply may rely on his or her recollections of the criminal proceedings in deciding a Section 2255 motion without testifying." ). Goode claims her attorney refused to file an appeal. There was nothing, however, to keep Goode from filing her own appeal.

Based upon the foregoing, Goode has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

IV. Conclusion

Goode is not entitled to relief under § 2255 and her motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Goode leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Goode having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis
United States District Judge